Louise B. Lynch, Respondent, *v.* Albrecht J. Lerche, Appellant.

*An attorney's claim for professional services — agreement to divide the proceeds of legal business — evidence to sustain a verdict.*

In an action brought by one holding an assignment of an attorney's claim arising out of professional services alleged to have been rendered by such attorney to the defendant, the evidence showed that the defendant, as well as the plaintiff's assignor, was a lawyer; that their offices were together and that they took some business together under an agreement to divide the proceeds, and the defendant testified that all the services performed by the plaintiff's assignor were rendered under that agreement.

The jury rendered a verdict for the plaintiff.

*Held,* that the defendant's claim, that all the services were performed under the agreement to divide the proceeds, was most natural, and that no reason was disclosed for any different arrangement in respect to the services in suit;

That even if the verdict was conclusive on that question, it was not conclusive on the question of the value of the services, since the testimony in respect thereto was entirely insufficient to sustain the verdict.

APPEAL by the defendant, Albrecht J. Lerche, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Queens county on the 7th day of January, 1893, upon the verdict of a jury rendered at the Queens County Circuit, and also from an order made on the 4th day of January, 1893, denying the defendant's motion for a new trial made upon the minutes.

*B. W. Downing,* for the appellant.

*L. B. Treadwell,* for the respondent.

DYKMAN, J. :

This is an appeal from a judgment and an order denying a motion for a new trial upon the minutes.

The action is brought to recover upon a claim for services rendered by Leman B. Treadwell, as a lawyer, which was assigned to the plaintiff, Louise B. Lynch.

The claim was for $1,870 and the jury rendered a verdict in favor of the plaintiff for $1,000.

Treadwell and the defendant are both lawyers, and Treadwell is the attorney for the plaintiff in this action.

Treadwell was the only witness for the plaintiff, except a boy whose testimony was immaterial, and the defendant was a witness in his own behalf and called no other.

The testimony in support of the claim was very unsatisfactory, and in our view, it was overcome by the testimony of the defendant and the facts and circumstances developed during the trial.

As we have said, the defendant and Treadwell were lawyers. Their offices were together, substantially in the same room. Treadwell admits that they took some business together under an agreement to divide the proceeds. Lerche says all the services performed by Treadwell were under that agreement, and that is most natural. No reason was disclosed for any different arrangement in respect to services involved in this action. If, however, it can be said that the

jury has found in favor of the plaintiff, and that we are concluded by the verdict upon the main question, the same cannot be said respecting the value of the services, for in respect to such valuation the testimony is entirely insufficient to sustain the verdict.

In the first place the extent of the actual service is very indefinite, and in many cases the charges are excessive and out of proportion to the labor.

In relation to the proof of the value of the services the detailed testimony of Treadwell consisted of statements of the charges he had made, and he then, near the close of his examination, estimated the value of the entire services rendered at $1,975.

That amount includes a charge of $1,200 in the case of Blind Tom, and Lerche says they received $210 in that case from the committee under an agreement of which Treadwell had knowledge, and Treadwell received one-half of that sum under the general agreement between them ; Treadwell does not deny knowledge of the agreement with the committee to perform the legal services for $210, nor the receipt of one-half of that sum. Upon that point, then, the testimony of Lerche stood uncontradicted and took the $1,200 charge out of the case. Yet, that charge went to the jury and some portion of it must have been included in the verdict as it could not have reached the sum of $1,000 independent of that amount. So it appears very plainly that the verdict is excessive and the testimony is entirely insufficient for its support.

The judgment and order denying the motion for a new trial should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred.

Judgment and order denying new trial reversed, with costs.